# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

BRADY JOE HUNT,

        Plaintiff,

vs.

TODD GEAR, GREGORY F. GREINER, BRETT SCHILING, RON TORDOFF, GRUNDY COUNTY SHERIFF'S DEPARTMENT,

        Defendants.

No. C09-0187-LRR

INITIAL REVIEW ORDER

---

    This matter is before the court following transfer from the United States District Court for the Southern District of Iowa. Such transfer occurred on December 15, 2009. The Clerk of Court filed the case in this district on December 22, 2009. Prior to the case being transferred or on December 10, 2009, the plaintiff submitted an application to proceed in forma pauperis, an application for appointment of counsel and a complaint pursuant to 42 U.S.C. § 1983.

    Based on the plaintiff's application, it is clear that the plaintiff does not have sufficient funds to pay the required filing fee. 28 U.S.C. § 1914(a) (requiring $350.00 filing fee). Thus, in forma pauperis status shall be granted to the plaintiff. *See generally* 28 U.S.C. § 1915. The clerk of court shall file the complaint without the prepayment of the filing fee. Although the court deemed it appropriate to grant the plaintiff in forma pauperis status, the plaintiff is required to pay the full $350.00 filing fee by making payments on an installment basis. 28 U.S.C. § 1915(b)(1); *see also In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) ("[T]he [Prisoner Litigation Reform Act] makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). The full filing fee will be collected even if the court dismisses the case because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

money damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Here, the plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the monthly payments and forward them to the court. Specifically,

> [T]he prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, the installment payments shall be collected by the institution having custody of the plaintiff and forwarded to the court. *Id*. The clerk of court shall send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

Appointment of counsel is based on multiple factors, including the complexity of the case, and, although the court does appoint attorneys in civil actions, it is not required to appoint an attorney. *See Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) (setting forth factors to be considered for appointment of counsel in civil case); *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (same); *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985) (stating an indigent litigant enjoys neither a statutory nor a constitutional right to have counsel appointed in a civil case). Given the record in this action, the court does not believe that the assistance of counsel is warranted. Accordingly, the plaintiff's application for appointment of counsel shall be denied.

In *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973), the Supreme Court delineated what constitutes a habeas corpus action as opposed to a 42 U.S.C. § 1983 claim. The plaintiff's label of his action cannot be controlling. *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (citing *Preiser*, 411 U.S. at 489-

90).  If a plaintiff is challenging the validity of his conviction or the duration of his incarceration and seeking a determination that he is entitled to immediate or speedier release, a writ of habeas corpus is the only federal remedy available.  *Preiser*, 411 U.S. at 500; *Otey v. Hopkins*, 5 F.3d 1125, 1131 (8th Cir. 1993).  It is the substance of the relief sought which counts.  *Kruger,* 77 F.3d at 1073.

In this action, the plain language of the complaint demonstrates that the plaintiff is challenging the validity of his confinement or the validity of the criminal proceedings that were commenced against him.  The plaintiff, among other things, complains about events that are related to his third degree burglary conviction and attempted second degree burglary conviction in *State v. Hunt*, No. FECR013253 (Grundy County Dist. Ct. 2009) or his pending post-conviction relief action, that is, *Hunt v. State*, No. PCCV058548 (Grundy County Dist. Ct. 201_).[1]  Specifically, the plaintiff complains about the arrest that violated his constitutional rights, his attorney's performance and being placed in prison after his probation was revoked.[2]  Although it initially suspended the plaintiff's sentence and placed the plaintiff on probation following his third degree burglary conviction and attempted second degree burglary conviction, the Iowa District Court for Grundy County revoked the plaintiff's probation and imposed a sentence of five years on October 5, 2009.  The plaintiff's tentative discharge date from prison is October 23, 2011.  As relief, the plaintiff states that he would like his criminal action to be dismissed and to be released from prison.  He also asks the court to award him compensation for being incarcerated, lost wages and mental anguish.

---

[1] Iowa state court criminal and civil records may be accessed at the following address: http://www.iowacourts.gov/Online_Court_Services/.  *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

[2] The Iowa Department of Corrections provides access to information pertaining to offenders at the following address: http://www.doc.state.ia.us/.

The relief sought by the plaintiff is not available because a 42 U.S.C. § 1983 cause of action for damages does not arise until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal . . ., or called into question by the issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486, 114 S. Ct. 2364, 129 L. Ed.2d 383 (1994). The plaintiff implicitly acknowledges that he did not receive relief on direct appeal, and it does not appear that he has successfully challenged his probation revocation through habeas or some other proceeding. Thus, the plaintiff's claims under 42 U.S.C. § 1983 fail as a matter of law. *See, e.g., Entzi v. Redmann*, 485 F.3d 998, 1003 (8th Cir. 2007) (applying "favorable termination" rule of *Heck v. Humphrey*, 512 U.S. at 477); *Portley-El v. Brill*, 288 F.3d 1063, 1066-67 (8th Cir. 2002) (same); *Williams v. Nelson*, 1998 U.S. App. LEXIS 2712 (8th Cir. 1998) (same); *Ladd v. Mitchell*, 1996 U.S. App. LEXIS 18771 (8th Cir. 1996); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) (same).[3]

---

[3] Even if the plaintiff ultimately succeeds in challenging the legality of his continued confinement through appropriate state or federal remedies, the court notes that the plaintiff does not assert any physical injury as a result of the defendants' actions. Under the Prison Litigation Reform Act,
> [n]o Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without prior showing of physical injury.

42 U.S.C. § 1997e(e); *see also Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004) (42 U.S.C. § 1997e(e) applies to all prisoner federal civil actions). Because he does not have the requisite physical injury to support a claim for mental or emotional suffering, compensatory damages are barred under 42 U.S.C. § 1997e(e). *See Smith v. Moody*, 175 F.3d 1025 (table) (8th Cir. 1999) (affirming dismissal of inmate's complaint, when inmate failed to allege any physical injury); *Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997) (affirming dismissal of inmate's claims pursuant to 42 U.S.C. § 1997e(e), where alleged physical injury was merely de minimis); *Todd v. Graves*, 217 F. Supp. 2d 958, 960-61 (S.D. Iowa 2002) (barring plaintiff from recovering compensatory damages for mental and emotional injuries because his physical injuries did not pass 42 U.S.C. § 1997e(e) de minimis test).

Construing the action as an application for habeas corpus relief under 28 U.S.C. § 2254, the claims shall be dismissed because it is clear that the plaintiff is still seeking post-conviction relief pursuant to Chapter 822 of the Iowa Code. *See generally* Iowa Code § 822.1, *et al.* (providing for post-conviction relief); *see also* Iowa Code § 822.2(1)(e) (permitting a person to challenge the revocation of his probation or parole). Stated differently, dismissal is appropriate because the plaintiff failed to meet the exhaustion requirements of 28 U.S.C. § 2254(b)(1).

In light of the foregoing, the plaintiff's action shall be dismissed for failing to state a claim upon which relief can be granted. Because the court deems it appropriate to dismiss the complaint pursuant to 28 U.S.C. 1915A(b)(1) and/or 28 U.S.C. § 1915(e)(2)(B), the dismissal of this action shall count against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED**:

(1) The plaintiff's application to proceed in forma pauperis status (docket no. 3) is granted.

(2) The clerk of the court is directed to file the complaint without the prepayment of the filing fee.

(3) The institution having custody of the plaintiff is directed to collect and remit monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the $350.00 filing fee is paid in full, the plaintiff is obligated to pay and the institution having custody of him is obligated to forward 20 percent of the preceding month's income credited to his account each time the amount in the account exceeds $10.00.

(4) The clerk of the court is directed to send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

(5) The plaintiff's application for appointment of counsel (docket no. 2) is denied.

(6) The plaintiff's complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2) and/or 28 U.S.C. § 1915A(b)(1).

(7) The dismissal of this action counts against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

**DATED** this 26th day of February, 2010

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

TO:   WARDEN/ADMINISTRATOR
       Newton Correctional Facility, Newton, Iowa

## NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that Brady Hunt, #1134081, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Hunt v. Gear, et al.*, Case No. C09-0187-LRR. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350.00 filing fee. Based on the inmate's account information, the court has not assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Nonetheless,

> the [inmate] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the [inmate] shall forward payments from [his] account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, you must monitor the account and send payments to the clerk of court according to the system provided in 28 U.S.C. § 1915(b)(2), that is, you should begin making monthly payments of 20 percent of the preceding month's income credited to the inmate's account.

Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

                                                s/Karen S Yorgensen, Deputy
                                                _____
                                                Robert L. Phelps
                                                U.S. District Court Clerk
                                                Northern District of Iowa